UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERTO RODRIGUEZ,                                    Civil Action No.:

                Plaintiff,

  -against-

MOUNT SINAI MORNINGSIDE, formerly known
as MOUNT SINAI ST. LUKE'S AND ROOSEVELT,
THE MOUNT SINAI HOSPITAL, and MOUNT
SINAI HOSPITALS GROUP, INC.,

                Defendants.
-------------------------------------------------------------X

## COMPLAINT

Plaintiff, Roberto Rodriguez ("Plaintiff"), as and for his Complaint against Defendants, Mount Sinai Morningside, formerly known as Mount Sinai St. Luke's and Roosevelt, The Mount Sinai Hospital, and Mount Sinai Hospitals Group, Inc. (collectively "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. Mount Sinai Morningside, formerly known as Mount Sinai St. Luke's and Roosevelt ("Morningside"), has and continues to operate a hospital located at 1111 Amsterdam Avenue, New York, NY 10025 ("the Hospital").

7. Upon information and belief, Morningside owns the Hospital.

8. Upon information and belief, Morningside is a domestic not-for-profit corporation duly formed and existing under and by virtue of the laws of the State of New York.

9. Defendant, The Mount Sinai Hospital, is a domestic not-for-profit corporation duly formed and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, The Mount Sinai Hospital has and continues to operate the Hospital.

11. Upon information and belief, The Mount Sinai Hospital owns the Hospital.

12. Defendant, Mount Sinai Hospitals Group, Inc., is a domestic not-for-profit corporation duly formed and existing under and by virtue of the laws of the State of New York.

13. Upon information and belief, Mount Sinai Hospitals Group, Inc. has and continues to operate the Hospital.

14. Upon information and belief, Mount Sinai Hospitals Group, Inc. owns the Hospital.

15. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

16. Defendants had substantial control over Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

17. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

## FACTS

18. Plaintiff was employed by Defendants at the Hospital as a security officer from about 1999 until about February 8, 2020.

19. During the last six years of his employment, Plaintiff was paid by the hour.

20. During this time, Plaintiff was paid by check on a bi-weekly basis.

21. During this time, Defendants kept track of the hours that Plaintiff worked each day, each week, and each bi-weekly pay period at the Hospital.

22. During this time, Plaintiff regularly worked over 40 hours a week during bi-weekly pay periods.

23. During this time, Defendants paid Plaintiff at an hourly rate and at what they characterized as regular pay for 75 hours each bi-weekly pay period.

24. During this time, Defendants paid Plaintiff at the same hourly rate and at what they characterized as straight time for all additional hours worked each bi-weekly pay period.

25. For example, during the pay period December 8, 2019 to December 21, 2019, Plaintiff worked a total of 87.5 hours.

26. For this pay period, Plaintiff was paid for 75 hours at his regular hourly rate and 12.5 hours at the same hourly rate.

27. During the pay period October 27, 2019 to November 9, 2019, Plaintiff worked a total of 93.75 hours.

28. For this pay period, Plaintiff was paid for 75 hours at his regular hourly rate and 18.75 hours at the same hourly rate.

29. During the pay period October 13, 2019 to October 26, 2019, Plaintiff worked a total of 95.71 hours.

30. For this pay period, Plaintiff was paid for 75 hours at his regular hourly rate and 20.71 hours at the same hourly rate.

31. During the pay period December 9 2018 to December 22, 2018, Plaintiff worked a total of 103.5 hours.

32. For this pay period, Plaintiff was paid for 75 hours at his regular hourly rate and 28.5 hours at the same hourly rate.

33. During the pay period September 16, 2018 to September 29, 2018, Plaintiff worked a total of 98.5 hours.

34. For this pay period, Plaintiff was paid for 75 hours at his regular hourly rate and 23.5 hours at the same hourly rate.

35. During the last six years of his employment, Plaintiff was only paid straight time for each hour that he worked in excess of 40 each week.

36. During this time, Defendants did not pay Plaintiff overtime compensation.

37. During this time, Defendants did not pay Plaintiff time and one half his regular rate of pay for each hour that he worked in excess of 40 each week.

38. At all times relevant to this action, Defendants failed to provide Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

39. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

40. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled under the law.

41. Defendants' failure to pay proper wages in a timely manner was made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

42. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

43. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

44. Each Defendant was and is subject to the overtime pay requirements of the FLSA because each Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

45. At all times relevant to this Complaint, each Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled materials, supplies, and equipment that originated outside of the State of New York.

46. Upon information and belief, the gross annual volume of sales made or business done by each Defendant for the years 2018, 2019 and 2020 was not less than $500,000.00.

47. Each Defendant has and continues to be a commercial enterprise engaged in ordinary commercial activities for a common business purpose.

48. Each Defendant has and continues to serve the general public in competition with ordinary commercial enterprises throughout New York and elsewhere.

49. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

50. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

51. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

52. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

53. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

54. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether its conduct violated the FLSA.

55. Defendants did not act in good faith with respect to the conduct alleged herein.

56. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

57. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

60. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

61. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time period as alleged herein in which he worked in excess of forty (40) hours a week for Defendants.

62. Plaintiff was not exempt from the overtime provisions of the New York Labor Law, because she did not meet the requirements for any of the exemptions available thereunder.

63. Defendants acted willfully and either knew that its conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether its conduct violated the New York Labor Law.

64. Defendants did not act in good faith with respect to the conduct alleged herein.

65. As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

66. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67. Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

68. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

69. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendant committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    2.    Willfully violated the provisions of the NYLL by failing to pay overtime compensation to Plaintiff;

    3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B.    Award compensatory damages, including all overtime compensation owed in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       February 17, 2021

 

Neil H. Greenberg, Esq.
Justin M. Reilly, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

DocuSign Envelope ID: CD43A74E-BA1E-4E6E-8B2F-6A3A9BDF44E8

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in lawsuit against *Mount Sinai St. Luke's Hospital and /or any other related entity(s) and individual(s)* in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
       10/27/2020

*Roberto Rodriguez*
_____
Roberto Rodriguez