UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERTO RODRIGUEZ,                                    21 CV 01386 (RWL)

                Plaintiff,

   -against-

MOUNT SINAI WEST, MOUNT SINAI
MORNINGSIDE, formerly known as
MOUNT SINAI ST. LUKE'S AND ROOSEVELT,
THE MOUNT SINAI HOSPITAL, and MOUNT
SINAI HOSPITALS GROUP, INC.,

                Defendants.
-----------------------------------------------------------------X

**JOINT MEMORANDUM IN SUPPORT OF MOTION FOR SETTLEMENT APPROVAL OF A FAIR LABOR STANDARDS ACT CASE**

**I.  PRELIMINARY STATEMENT**

Plaintiff and Defendants seek approval of the terms of a certain settlement agreement (the "Agreement") made between Plaintiff and Defendants. The Agreement resolves Plaintiff's claims asserted against Defendants, including claims under the Fair Labor Standards Act, 29 U.S.C. section 201 *et. seq.* ("FLSA"). A copy of the Agreement is submitted herewith as **Exhibit A** for the Court's review and approval. The Agreement represents a good faith effort between experienced counsel to negotiate the settlement of a *bona fide* dispute between the Parties in an action under the FLSA and the New York Labor Law ("NYLL"). The Parties, who engaged in an arm's-length, good faith negotiation, reached a settlement that provides Plaintiff with a substantial recovery of his claimed damages under applicable law. The Parties submit that this settlement is fair and reasonable because it duly considers the Parties' respective risk burdens if this litigation continues. Accordingly, the Parties respectfully request that the Court approve the Agreement as submitted and dismiss this action with prejudice.

## II. PLAINTIFF'S ALLEGATIONS AND DEFENDANTS' RESPONSES

On February 17, 2021, Plaintiff, represented by counsel herein, filed a wage-and-hour lawsuit against certain Defendants alleging FLSA and NYLL violations. [D.E. 1]. On March 26, 2021, Plaintiff filed an Amended Complaint adding Defendant Mount Sinai West to this action. [D.E. 16]. Plaintiff contends that during the last six years of his employment with Defendants, he was not paid overtime compensation for any of the hours that he worked over 40 in any given week. Plaintiff claims that Defendants paid him straight time for each hour of overtime worked instead of time-and-one-half his regular rate of pay. During discovery, Plaintiff's counsel calculated a damages chart for Plaintiff, submitted herewith as **Exhibit B**. Based on his damage chart, Plaintiff's claim for unpaid overtime wages under the FLSA/NYLL is $25,089.41. In preparing the damages chart, Plaintiff's counsel did not account for any of Defendants' defenses, as discussed herein.

Defendants claim that Plaintiff was an exempt field supervisor under the executive exemption. Specifically, Defendants contend that: (i) Plaintiff was compensated on a salary basis, which exceeded the minimum salary threshold under the FLSA and NYLL; (ii) Plaintiff supervised at least five to eight Security Officers at any given time; and (iii) his job duties included completing performance appraisals for Security Officers, determining and directing the appropriate response to security issues that arose during his shift, reporting incidents involving Security Officers and recommending appropriate discipline including termination, handling and reporting complaints made by Security Officers, and conducting fact findings as part of the disciplinary process.

As stated above, the Parties do not agree with each other. There is thus a *bona fide* dispute between the Parties regarding Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' good-faith effort to resolve this *bona fide* dispute in an amicable fashion through arm's length bargaining.

## III. SETTLEMENT NEGOTIATIONS

On June 2, 2022, the parties appeared at a settlement conference before the Court. Prior to the settlement conference, the parties exchanged documents, demands, offers, counteroffers and damage charts. At the settlement conference, offers and counteroffers were exchanged. After hours of settlement negotiations, Defendants increased their total offer to $35,000.00, inclusive of attorneys' fees and costs, and Plaintiff willingly accepted this good faith offer. Plaintiff recognizes that Defendants' agreement to settle this matter does not constitute an admission of any liability whatsoever, and that Defendants continue to deny Plaintiff's claims and that Defendants maintain that they always complied with the FLSA and NYLL. Plaintiff also acknowledges that Defendants have agreed to this amount to avoid the risks and expenses of protracted litigation. Of the agreed upon settlement amount ($35,000.00), Plaintiff will receive $22,000.00, which constitutes a near total recovery of his claimed unpaid FLSA/NYLL wages, all of which Defendants vehemently contend he was and is not entitled to. Additionally, Plaintiff's attorneys' fees and costs in the amount of $13,000.00 are being paid out of the settlement sum.

## IV. THE SETTLEMENT IS FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, 11-cv–00529, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a

settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* disputes between the Parties. This is because the Agreement: (1) fairly accounts for Plaintiff's possible recovery; (2) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses; (3) accounts for the risks in proceeding with the litigation; and (4) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

A. **The Agreement Fairly Accounts for Plaintiff's Possible Recovery**

As noted above, Plaintiff will be receiving $22,000.00. Further, his attorneys' fees and costs are being paid out of the settlement sum in the amount of $13,000.00. Clearly, it cannot be said that the Agreement constitutes "a mere waiver of statutory rights brought about by an employer's overreaching." To the contrary, the Agreement only resolves the *bona fide* dispute between the Parties relating to the payment of Plaintiff's wages and the other claims raised in the Complaint. The Agreement does not contain a confidentiality provision, and its release is strictly limited to Plaintiff's wage and hour claims. The Agreement does have a non-disparagement clause, but there is a carve out for truthful statements about Plaintiff's experience litigating the Lawsuit. *See Payano v. 1652 Popham Assoc., LLC*, No. 17-CV-9983 (HBP), 2019 WL 464231, at 4

(S.D.N.Y. Feb. 6, 2019). The Agreement also contains reasonable no-assist, professional relationship, duty to cooperate, and forfeiture clauses. Judges in this District have found settlement agreements containing these types of provisions to be fair and reasonable and approved the agreements. *See, e.g.,* Order, *Perez v. Hummus On 6th LLC,* No. 20-CV-05705 (SDA) (S.D.N.Y. June 15, 2021), ECF No. 32.

Further, Plaintiff is satisfied with the settlement amount and voluntarily and willingly entered into the Agreement without coercion or duress. Plaintiff was represented by experienced counsel who has litigated hundreds of cases in the Southern and Eastern Districts of New York, the majority of which involve claims under the FLSA and the NYLL. Accordingly, it is apparent that the Agreement amount fairly accounts for Plaintiff's possible recovery in this matter.

### B. The Risk and Expenses Faced by the Parties

Both Parties in this matter face substantial risks in proceeding forward in this litigation. Defendants are confident that they could prevail at trial on their defenses. Additionally, and as noted *supra*, if Defendants did so prevail, Plaintiff faces the possibility of receiving no recovery at all. Further, Plaintiff faces the prospect of waiting months, if not years, for the matter to proceed through remaining discovery, motion practice and, eventually, trial.

Conversely, while Defendants are confident that they would be able to severely undermine, if not defeat, Plaintiff's claims, they are also mindful that this would have only occurred after a protracted litigation at significant financial defense costs. Conversely, if Plaintiff prevails at trial, Defendants could face significant liability for unpaid wages, civil penalties, interest, and attorneys' fees. Thus, the costs of litigation and prospects of liability for Defendants clearly weigh in favor of early resolution. Accordingly, all Parties face substantial risks in proceeding forward with the litigation. As well, even though it is not necessarily a factor under *Wolinsky,* the Court should also not lose sight of the fact that litigation imposes a mental toll upon both Plaintiff and Defendants

no matter who wins or loses. *See Brown v. TD Bank, N.A.*, No. 15-CV-5474, 2016 WL 1298973, at *7 (E.D. Pa. Apr. 4, 2016) ("Litigation is expensive, time-consuming, and emotionally draining."). Settlement ameliorates this burden too.

Accordingly, the Parties submit that for these reasons, the settlement is fair and reasonable.

### C. The Agreement was the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion

Finally, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. Indeed, the Parties were able to resolve this controversy, in large part, because of the hard work and experience of their respective attorneys. Throughout the process, the Parties' respective counsel zealously advocated on behalf of their clients, from negotiating the amount of the settlement, to the terms and conditions of same. Far from the product of fraud or collusion, the Agreement constitutes an effort by experienced labor and employment counsel for all Parties to resolve the dispute under the best possible circumstances for their respective clients. Accordingly, the Agreement should be approved by the Court.

## V. PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS SHOULD BE APPROVED

The agreed upon settlement amount is inclusive of attorneys' fees and costs. Plaintiffs' counsel is seeking one-third of the settlement amount and reimbursement of the costs incurred during the litigation. *See Gaspar v. Pers. Touch Moving, Inc.*, 13-cv-08187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015) ("Fee awards representing one third of the total recovery are common in this District); *Singh v. MDB Construction Mgmt., Inc.*, 16-cv-05216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Castaneda v. My Belly's Playlist LLC*, 15-cv-01324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding plaintiffs' attorneys a contingency fee of one-third to account for risks in

litigation); *Calle v. Elite Specialty Coatings Plus, Inc.*, 13-cv-06126 (NGG)(VMS), 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 13-cv-03234 (LB), 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit").

Courts in this District have regularly awarded Neil H. Greenberg & Associates, P.C. ("NHG Law") attorneys' fees in the amount of one-third the total settlement amount in Fair Labor Standards Act cases. As the Second Circuit noted in *Fisher v. SD Prot. Inc.*, 948 F.3d 593 (2d Cir. 2020), "[n]either the text nor the [remedial] purpose of the FLSA ... supports imposing a proportionality limit on recoverable attorneys' fees." *Id.* at 603. The Court explained that "[b]y implementing a percentage cap on attorneys' fees in FLSA actions, district courts impede Congress's goals by discouraging plaintiffs' attorneys from taking on 'run of the mill' FLSA cases where the potential damages are low and the risk of protracted litigation high. Fee awards in wage and hour cases should 'encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel.'" *Id.* (citing *Sand v. Greenberg*, 08-cv-7840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010)).

NHG Law's efforts to date have been without compensation and its entitlement to payment has been wholly contingent upon the result achieved. As with every other FLSA case, NHG Law stood to gain nothing in the event this litigation was unsuccessful while incurring substantial and unrecoverable costs. Accordingly, Plaintiff's counsel seeks attorneys' fees in the amount of $11,666.66. Additionally, Plaintiff's counsel seeks $1,333.34 in reimbursable costs, which is less than the actual costs incurred. NHG Law incurred costs related to the filing of the Complaint,

service of process, and conducting depositions. *See* **Exhibit C**. It is respectfully submitted that the attorneys' fees and costs set forth in the Agreement are fair and reasonable.

If the Court is inclined to cross-check the fees with Plaintiff's counsel's lodestar, Plaintiff's counsel has billed 80 hours litigating this case from inception through discovery. In January 2013, Honorable Katherine B. Forrest determined Justin M. Reilly, Esq.'s hourly rate to be $350.00. *See Morano et al. v. Intercontinental Capital Group, Inc. et al.*, 10-CV-02192, at 185 (KBF). Since that determination, Plaintiff's counsel, Justin M. Reilly, Esq. has litigated numerous FLSA/NYLL cases on a full time basis.

## VI. CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court approve the Parties' Agreement and dismiss this case.

Dated: Massapequa, New York
July 12, 2022

Respectfully submitted,

Neil H. Greenberg & Associates, P.C.

By: Justin M. Reilly, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
justin@nhglaw.com

Akerman LLP

By: Jeffrey Kimmel, Esq.
*Attorneys for Defendants*
1251 Avenue of the Americas, 37th Floor

New York, New York 10020
Tel: 212.880-3800
Jeffrey.kimmel@akerman.com