# SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER OF ALL CLAIMS

This Settlement Agreement, General Release and Waiver of All Claims ("Agreement"), is made this __ day of July, 2022, by and between plaintiff Roberto Rodriguez ("Plaintiff"), on the one hand, and defendant Mount Sinai West (named herein as "Mount Sinai West, Mount Sinai Morningside, formerly known as Mount Sinai St. Luke's and Roosevelt, The Mount Sinai Hospital, and Mount Sinai Hospitals Group, Inc.") ("Defendant"), on the other hand. Plaintiff and Defendant may each be referred to separately herein as a "Party" or together as the "Parties."

## WITNESSETH:

**WHEREAS**, an action was commenced on or about February 7, 2021, by Plaintiff against Defendant in the United States District Court for the Southern District of New York, Case No. 21-cv-01386 (the "Lawsuit") asserting claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

**WHEREAS**, Defendant disputes the issues of liability and damages in the Lawsuit;

**WHEREAS**, Plaintiff and Defendant (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for, and in consideration of, the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement**.

    A. Defendant agrees to pay Plaintiff, as full and final settlement and final satisfaction of Plaintiff's claims as set forth in the Lawsuit, the sum of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) (the "Settlement Sum"). The payment of the Settlement Sum shall be due within thirty (30) days of court approval of the settlement of this matter and shall be delivered to Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758.

    The Settlement Sum, identified above, shall be allocated as follows:

    i. A check made payable to "Roberto Rodriguez" in the amount of Twenty-Two Thousand Dollars and Zero Cents ($22,000.00), from which all applicable federal, state, and local taxes and other lawful payroll deductions will be deducted, and for which an IRS Tax Form W-2 shall be issued.

    ii. A check made payable to "Neil H. Greenberg & Associates, P.C." in the amount of Thirteen Thousand Dollars and Zero Cents ($13,000.00), for which an IRS Tax-Form 1099 shall be issued.

B. Plaintiff acknowledges and agrees that, except as expressly provided in paragraph 1(A) above, Plaintiff is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay, or benefits of any kind from Defendant, or any of its affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendant to Plaintiff.

C. Plaintiff further acknowledges and agrees that (i) this settlement may result in taxable income to Plaintiff under applicable federal, state and local tax laws; (ii) Defendant is providing no tax, accounting or legal advice to Plaintiff, and makes no representations regarding any tax obligations or tax consequences on Plaintiff's part relating to or arising from this Agreement; (iii) Plaintiff shall be solely responsible for all of his tax obligations, including, without limitation, all federal, state, and local taxes, and Plaintiff shall not seek any indemnification from Defendant with respect thereto; (iv) Plaintiff has been advised that Defendant must comply with its obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms W-2, as appropriate; and (v) Plaintiff shall cooperate and provide information to Defendant, as reasonably necessary, to allow Defendant to comply with all applicable federal, state, and local tax laws.

2. **Dismiss Lawsuit with Prejudice.** For and in consideration of the Settlement Sum detailed in paragraph 1(A) of this Agreement, which Plaintiff acknowledges to be sufficient consideration to support this Agreement, Plaintiff shall withdraw, in writing, and secure the dismissal with prejudice, of all complaints, suits, actions, charges, claims, and/or proceedings it has instituted against Defendant, including, but not limited to, the Lawsuit. Plaintiff hereby warrants that he has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendant in any form or forum other than the Lawsuit, which he agrees to dismiss with prejudice. To that end, Plaintiff authorizes his counsel to execute a Stipulation of Dismissal and Order, in the form set forth hereto as Exhibit A, and to cooperate with Defendant as required in ensuring the dismissal of the Lawsuit with prejudice, including, but not limited to, obtaining the Court's approval of the within settlement as fair and reasonable. The Stipulation of Dismissal and Order shall provide for dismissal with prejudice; however, the Court will retain jurisdiction over this settlement until payment is made.

3. **No Admissions.** Defendant has entered into this Agreement solely for the purpose of avoiding the burden and expense of further litigation. The making of this Agreement is not intended, and shall not be construed, as an admission that Defendant or any of its current or former directors, trustees, officers, managers, agents, employees, medical staff, faculty members, subsidiaries, affiliates, and related business entities, have violated any federal, state, or local law (statutory or decisional), ordinance or regulation, or that Defendant or any of its current or former directors, trustees, officers, managers, agents, employees, medical staff, faculty members, subsidiaries, affiliates, and related business entities, have committed any wrong against Plaintiff.

4. **Release.** In consideration of the Plaintiff's willingness to enter into this Agreement, and in consideration for the agreements of Defendant contained in this Agreement, including the payment of the Settlement Sum, Plaintiff, with the intention of binding his heirs,

DocuSign Envelope ID: 058A6169-25EC-45CB-B306-EF32DB9771FD

beneficiaries, trustees, administrators, executors, and assigns, hereby irrevocably and unconditionally releases, waives, and forever discharges Defendant, as well as its current or former directors, trustees, officers, managers, agents, employees, medical staff, faculty members, subsidiaries, affiliates, and related business entities, as well as Defendant's respective successors or assigns, and any other individual now or formerly employed by Defendant, whether acting as agents for Defendant or in their individual capacities from and against any and all wage and hour claims that were, or could have been, asserted under federal or state laws by Plaintiff in the Lawsuit, through the date this Agreement is approved by the Court. The Released Claims include, but are not limited to, all claims under Federal or New York State laws for minimum or overtime wages, unreimbursed expenses, spread of hours, all claims for gratuities under NYLL § 196-d, NYLL § 195 penalties, all related derivative benefit claims (both ERISA and non-ERISA benefits), or any other wage and hour claims that could have been asserted in the Lawsuit, including, without limitation, all claims for restitution and other equitable relief, liquidated damages, penalties, interest or attorneys' fees. The Released Claims include, but are not limited to, any and all claims under the NYLL, Article 6, § 191 (Frequency of payments); § 192 (Cash payment of wages); § 193 (Deductions from wages); § 195 (Notice and record-keeping requirements); § 196-d (Gratuities); § 198-c (Benefits or wage supplements); § 198-d (Posting regulations on illegal wage deductions) and any claim under Article 19, § 605 et seq. of the NYLL for a claim of minimum wage or overtime and other provisions including the supporting state regulations and New York Minimum Wage Orders, 12 NYCRR §§ 146, et seq. The Released Claims further include any and all claims under the FLSA, 29 U.S.C. §§ 201 et seq. and applicable federal regulations for minimum wage, overtime, retaliation, reimbursed expenses, tips, gratuities, liquidated damages, penalties, interest, and attorneys' fees.

Plaintiff agrees that he will not recover upon, or otherwise enforce or accept monies from any judgment, decision, or award upon any claim released by him in this paragraph 4.

This Agreement and the release and discharge contained in this paragraph 4 shall also apply to the Defendant's insurers, its past and present contractors, officers, directors, members, attorneys, agents, servants, representatives, employees, affiliates, partners, predecessors, and successors in interest and assigns.

5. **Non-Disparagement.** Plaintiff agrees that, except as compelled by legal process or otherwise required by law, he will not make any statements, or encourage others to make any statement verbally, or in writing, that is intended to cast Defendant in a negative light or to damage Defendant's reputations, business operations, business relationships, or present or future business. A breach of this provision of this Agreement by Plaintiff shall be deemed a material violation of this Agreement. Nothing herein shall be construed to preclude Plaintiff from discussing or disclosing the facts alleged in this litigation, any factual or legal positions taken by Plaintiff that relate to the allegations in this litigation, and/or any truthful statements about Plaintiff's experience litigating the Lawsuit or this settlement.

6. **No Assist.** Plaintiff represents and agrees that he shall not voluntarily take any action to support, encourage or participate in any action or attempted action other than the Lawsuit, which names, or may in any way damage the reputation of Defendant, Defendant's current or former directors, trustees, officers, managers, agents, employees, medical staff, faculty members, subsidiaries, affiliates, and related business entities. If Plaintiff is ordered or

subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit or proceeding which refers or relates to Defendant, Plaintiff is not barred from revealing factual information they may be asked, but may not volunteer in any way to participate in any such lawsuit.

7. **Professional Relationship.** Plaintiff agrees that his professional relationship with Defendant has been permanently and irrevocably severed. Plaintiff agrees that The Mount Sinai Health System, The Mount Sinai Hospital (Manhattan and Queens campuses), Icahn School of Medicine at Mount Sinai, Beth Israel Medical Center (Manhattan and Brooklyn campuses), St. Luke's-Roosevelt Hospital Center (including Mount Sinai Morningside and Mount Sinai West), the New York Eye and Ear Infirmary of Mount Sinai, and Mount Sinai South Nassau (collectively, the "Mount Sinai Entities") shall not have any obligation at any time in the future to employ Plaintiff or enter into any other type of professional or business relationship with Plaintiff.

8. **A Duty To Cooperate.** In the event that any non-party to this Agreement, including, but not limited to, any current or former employee of, or applicant/candidate for employment with, Defendant or any governmental agency, issues a subpoena to, or requests information or documents from Plaintiff relating to Plaintiff's employment at Defendant, Plaintiff agrees that, within three (3) business days of receiving any such subpoena or request, Plaintiff will notify Rebecca Berkebile, Esq. at rebecca.berkebile@mountsinai.org (or her successor) of such subpoena or request. Plaintiff further agrees to provide full and reasonable cooperation with Defendant and its counsel in connection with any investigation, administrative proceeding or litigation relating to any matter in which Plaintiff was involved during Plaintiff's employment with Defendant or of which Plaintiff has knowledge, including meeting with Defendant and its counsel and/or providing testimony after being provided with reasonable notice. Defendant shall work with Plaintiff on reasonably scheduling any meetings and/or appearances.

9. **Forfeiture.** In the event that Plaintiff is in material breach of this Agreement as determined by a court of competent jurisdiction, including but not limited to a breach of paragraphs 4 or 5-6, Plaintiff shall forfeit the Settlement Sum.

10. **Attorneys' Fees.** The prevailing party of any lawsuit brought alleging a breach of the within Agreement shall be entitled to recovery from the non-prevailing party, as determined by a court of competent jurisdiction, of the prevailing party's costs and expenses incurred in connection with such lawsuit, including reasonable attorneys' fees.

11. **Lack of Duress.** The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

12. **No Representations.** The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce, or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

13. **Review and Understanding of Agreement.**

   A. The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions, and legal effect of this Agreement.

   B. Plaintiff acknowledges that before signing this Agreement, he was given sufficient, and reasonable, time to review and consider it; Plaintiff has, in fact, carefully reviewed this Agreement; and Plaintiff is entering into it voluntarily and of his own free will.

   C. The date upon which this Agreement becomes effective (the "Effective Date") shall mean the day the Court enters a written Order granting final approval of the settlement. If the Court does not approve this Agreement, the Parties jointly agree to seek reconsideration of the ruling or seek Court approval of a renegotiated settlement addressing the issues raised by the Court. Should reconsideration and/or the Parties' attempt to secure Court approval of a renegotiated settlement be denied, the Lawsuit will proceed as if no settlement had been attempted, and Defendant retains the right to contest the merits of the claims being asserted by Plaintiff in the Lawsuit, and nothing set forth in this Agreement shall be permitted to be used by any Party against the other.

14. **Warranty of Capacity to Execute Agreement.** The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiff has the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

15. **Entire Agreement.** This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. This Agreement may not be changed orally, and no modification, amendment, or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

16. **Severability.** If any court of competent jurisdiction concludes that any part, term, or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect. Provided, however, that

DocuSign Envelope ID: 058A6169-25EC-45CB-B306-EF32DB9771FD

if paragraph 4 above is held to be illegal, void or unenforceable, Plaintiff agrees to promptly execute valid releases and waivers in favor of Defendant.

17. **Counterparts.** This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument. Facsimile or scan copies of signatures shall be deemed originals.

18. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions. Any action or proceeding between the Parties shall be commenced only in a court of competent jurisdiction in New York county, and Plaintiff and Defendant hereby submit to the exclusive jurisdiction of such court as it concerns this Agreement.

19. **Successors and Assigns.** This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

20. **Assignment.** Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendant may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendant, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendant shall be deemed to include any such successor or successors.

21. **Waiver.** No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement. No waiver shall be binding unless in writing and signed by the Party waiving the breach.

22. **Headings.** All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

23. **Miscellaneous Provisions.**

    a. The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b. Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

24. **Notices.** Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed and mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

> Justin M. Reilly, Esq.
> Neil H. Greenberg & Associates, P.C.
> 4242 Merrick Road
> Massapequa, New York 11758
> Tel.: (516) 228-5100
> Email: justin@nhglaw.com

If to Defendant:

> Jeffrey Kimmel, Esq.
> Akerman LLP
> 1251 Avenue of the Americas, 37th Floor
> New York, New York 10020
> Tel: (212) 880-3800
> Email: jeffrey.kimmel@akerman.com

**WHEREFORE**, the Parties have caused this Agreement to be signed as of the day and date first above written.

**ROBERTO RODRIGUEZ**

*/s/ Roberto Rodriguez*

DATED: July __, 2022    July 6, 2022

**MOUNT SINAI WEST**

By: */s/ Devin Sullivan*
Title: VP Labor Relations

DATED: July 7, 2022

DocuSign Envelope ID: 058A6169-25EC-45CB-B306-EF32DB9771FD

## EXHIBIT A

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROBERTO RODRIGUEZ,

                      Plaintiff,                Case No.: 21-cv-01386-PAE-RWL

      -against-

MOUNT SINAI WEST, et al.,                  **STIPULATION OF DISMISSAL WITH PREJUDICE**

                    Defendants.
-------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned Counsel for Plaintiff and Defendant, that the above-captioned action is hereby dismissed in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), with each side bearing their own fees and costs.

IT IS FURTHER STIPULATED AND AGREED, that the Court shall retain enforcement jurisdiction over this matter until the Settlement Sum is paid in full.

IT IS FURTHER STIPULATION AND AGREED, that for the purposes of this Stipulation, scanned and emailed signatures shall serve as originals.

Date: New York, New York
       July 12, 2022

| AKERMAN LLP | NEIL H. GREENBERG & ASSOCIATES, P.C. |
|---|---|
| By: _/s/ Jeffrey A. Kimmel_ | By: _/s/ Justin M. Reilly_ |
| Jeffrey A. Kimmel, Esq. | Justin M. Reilly, Esq. |
| 1251 Avenue of the Americas, 37th Floor | 4242 Merrick Road |
| New York, New York 10020 | Massapequa, New York 11758 |
| Tel.: (212) 880-3800 | Tel.: (516) 228-5100 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |

So-Ordered:

_____
Hon. Robert W. Lehrburger, U.S.M.J.
Dated: July __, 2022